# In the United States Court of Federal Claims

No. 13-172C
Filed: July 19, 2013

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| ALEXANDER VLAHOS, | * |
| Plaintiff, | Motion to Dismiss, RCFC 12(b)(1) (subject matter jurisdiction); |
| v. | Tucker Act Jurisdiction, 28 U.S.C. § 1491; |
| THE UNITED STATES, | 5 U.S.C. § 3341(b)(1) (details within Executive or military departments); |
| Defendant. | RCFC 10(a) (complaint caption). |

\*

ALEXANDER VLAHOS,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Motion to Dismiss, RCFC 12(b)(1)
   (subject matter jurisdiction);
Tucker Act Jurisdiction, 28 U.S.C. §
   1491;
5 U.S.C. § 3341(b)(1) (details within
   Executive or military departments);
RCFC 10(a) (complaint caption).

**Lawrence A. Berger**, Mahon & Berger, Glen Cove, N.Y., Counsel for Plaintiff.

**Michelle Rachel Milberg**, United States Department of Justice, Civil Division, Commercial Litigation Branch, Washington, D.C., Counsel for the Government.  **Eacata Gregory**, United States Secret Service, Office of Chief Counsel, Washington, D.C., Of Counsel.

## MEMORANDUM OPINION AND FINAL ORDER

**BRADEN**, *Judge*.

## I.   RELEVANT FACTS.[1]

Alexander Vlahos ("Plaintiff") is a GS-13 Special Agent Criminal Investigator, and has been employed by the United States Secret Service for sixteen years.  Am. Compl. ¶¶ 4-5.  From October 2007 to February 2009, Plaintiff was temporarily promoted to a GS-14/15 in a Criminal Investigator position.  Am. Compl. ¶¶ 6-7.  In February 2009, Plaintiff's status was returned to his previous GS-13 position.  Am. Compl. ¶ 7.  Between October 2007 and February 2009, Plaintiff was not paid wages and other benefits incident to the GS-14/15 position.  Am. Compl. ¶ 8.

## II.   PROCEDURAL HISTORY.

On March 7, 2013, Plaintiff filed a Complaint ("Compl.") in the United States Court of Federal Claims alleging that the United States Secret Service did not pay Plaintiff the

---

[1] The relevant facts were derived from the March 18, 2013 Amended Complaint ("Am. Compl.").

compensation and benefits incident to his GS-14 criminal investigator position, which he held from October 2007 to April 2009. Compl. ¶ 8. The Complaint also alleges that the United States Secret Service breached a promise to promote Plaintiff to a permanent GS-14 position. Compl. ¶ 10.

On March 18, 2013, Plaintiff filed an Amended Complaint, claiming that the temporary promotion was a forced assignment to a GS-14/15 position from October 2007 to February 2009. Am. Compl. ¶¶ 4, 6, 8-10. The March 18, 2013 Amended Complaint also alleges that "[Plaintiff] was promised by the Defendants that commensurate with the forced temporary assignment, he would be appointed to a permanent GS-14 position."[2] Am. Compl. ¶ 9. The March 18, 2013 Amended Complaint further alleges that "Defendants have breached their promise to [Plaintiff], and he was never offered an option to be appointed to a GS-14 Criminal Investigator position, nor paid the compensation and benefits incident to the GS-14/15 criminal investigator position." Am. Compl. ¶ 10. The March 18, 2013 Amended Complaint seeks "(i) entry of a monetary judgment in the amount of all wages and benefits owed to [Plaintiff] while he encumbered the GS-14/15 position; and (ii) that Defendants be directed to immediately appoint [Plaintiff] to a GS-14 position retroactive to October 2007; and (iii) that the Plaintiff be granted such other, further, general, and equitable relief to which he may be entitled." Am. Compl. at 2.

On May 6, 2013, the United States ("Government") filed a Motion To Dismiss, pursuant to RCFC 12(b)(1) ("Gov't Mot."), asserting that the "[c]ourt lacks jurisdiction to entertain [Plaintiff's] suit[,] because [Plaintiff] lacks a contractual relationship with the Government." Gov't Mot. at 2.

On June 6, 2013, Plaintiff filed a Memorandum In Opposition ("Pl. Opp."), clarifying that Plaintiff's claim does not rely on an express or implied contract or on promissory estoppel, but on the Government's alleged violation of statute. Pl. Opp. at 2.

On June 24, 2013, the Government filed a Reply ("Gov't Reply"), reasserting that "[Plaintiff]'s complaint is deficient in that it does not plead a basis for this Court's jurisdiction." Gov't Reply at 3.

---

[2] The Amended Complaint defines "Defendants" as Janet Napolitano, Secretary of the United States Department of Homeland Security, and the United States Secret Service, a department of the Department of Homeland Security. Am. Compl. ¶¶ 2-3. The official caption of the case (appearing above) was supplied by the Clerk of Court in conformance with Rule 10(a) of the Rules of the United States Court of Federal Claims ("RCFC"), which states that "[t]he title of the complaint must name all the parties . . ., with the United States designated as the party defendant." RCFC 10(a). "Notwithstanding plaintiff's failure to name the United States as the party defendant in the case, the court, as a matter of practice, will indicate the United States as the party defendant in the caption of its orders and opinions." *Hicks v. United States*, No. 11-678 C, 2012 WL 1044484, at *1 n.1 (Fed. Cl. Mar. 27, 2012).

## III.   DISCUSSION.

### A.   Jurisdiction.

The United States Court of Federal Claims has jurisdiction under the Tucker Act, 28 U.S.C. § 1491, "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act, however, is "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976). Therefore, to pursue a substantive right under the Tucker Act, a plaintiff must identify and plead an independent contractual relationship, Constitutional provision, federal statute, and/or executive agency regulation that provides a substantive right to money damages. *Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004) ("[J]urisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act[.]"); *see also Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc) ("The Tucker Act . . . does not create a substantive cause of action; in order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages. In the parlance of Tucker Act cases, that source must be 'money-mandating.'").

Whether the court has jurisdiction over the March 18, 2013 Amended Complaint is central to the Government's May 6, 2013 Motion To Dismiss and is addressed below.

### B.   Standards For Decision On Motion To Dismiss Under RCFC 12(b)(1).

A challenge to the United States Court of Federal Claims' "general power to adjudicate in specific areas of substantive law . . . is properly raised by a [Rule] 12(b)(1) motion[.]" *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999); *see also* RCFC 12(b)(1) ("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading . . . . But a party may assert the following defenses by motion: (1) lack of jurisdiction over the subject matter[.]"). When considering whether to dismiss an action for lack of subject matter jurisdiction, the court is "obligated to assume all factual allegations of the complaint to be true and to draw all reasonable inferences in plaintiff's favor." *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995). Nonetheless, the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988) ("[O]nce the [trial] court's subject matter jurisdiction [is] put in question . . . [the plaintiff] bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence.").

### C.   Standing.

The United States Supreme Court has held that "the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). Standing must be determined "as of the

3

commencement of suit." *Rothe Dev. Corp. v. Dep't of Def.*, 413 F.3d 1327, 1334 (Fed. Cir. 2005) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 570 n.5 (1992)). The party invoking federal jurisdiction bears the burden of establishing standing. *See Lujan*, 504 U.S. at 560-61. Specifically, "a plaintiff must show [that] it has suffered an 'injury in fact' that is . . . concrete and particularized and . . . actual or imminent, not conjectural or hypothetical; . . . the injury is fairly traceable to the challenged action of the defendant; and . . . it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Serv., Inc.*, 528 U.S. 167, 180-81 (2000) (internal citations omitted).

The March 18, 2013 Amended Complaint alleges that Plaintiff incurred injury that is concrete, particularized, fairly traceable to the allegations regarding the breach of promise, and that Plaintiff's financial injury can be redressed by a monetary award. For these reasons, the court has determined that Plaintiff has standing to seek adjudication of the claims set forth in the March 18, 2013 Amended Complaint.

### D.    The Government's May 6, 2013 Motion To Dismiss.

#### 1.    The Government's Argument.

The Government argues that the court does not have jurisdiction to adjudicate the claims in the March 18, 2013 Amended Complaint, because the plaintiff did not have a contractual relationship with the United States. Gov't Mot. at 2. Moreover, "[e]ven if [Plaintiff]'s allegations rise to the level [of] an implied-in-law contract or a claim for promissory estoppel, this Court does not possess jurisdiction over those types of claims." Gov't Mot. at 2. Specifically, "[t]o establish the existence of either an express or implied-in-fact contract with the United States, [Plaintiff] must demonstrate: (1) a mutual intent to contract; (2) an exchange of consideration; (3) lack of ambiguity in an offer and acceptance; and (4) actual authority on the part of the Government representative to bind the United States in contract." Gov't Mot. at 8-9 (citing *Harbert/Lummus Agrifuels Projects. v. United States*, 142 F.3d 1429, 1434 (Fed. Cir. 1998) (listing elements); *City of El Centro v. United States*, 922 F.2d 816, 820 (Fed. Cir. 1990) (same)). The Government also argues that "[a] plaintiff must prove both that the contract was entered into by an authorized Government official" (*City of El Centro*, 922 F.2d at 820-21), "and privity of contract" (*Erickson Air Crane Co. v. United States*, 731 F.2d 810, 813 (Fed. Cir. 1984)). Gov't Mot. at 9.

In addition, the Government asserts that "[n]ot only does [Plaintiff] fail to describe the 'promise' with any specificity, but he does not rely on specific documents nor describe the conduct of any Government employee that could possibly support his vague allegations." Gov't Mot. at 10. The Government also asserts that "[Plaintiff] does not name any [g]overnment employee let alone a government employee with authority to bind the Government in contract," and that "[d]ue to the absence of an agreement outlined in the [C]omplaint, [Plaintiff] appears to allege a contract implied in law." Gov't Mot. at 10. Therefore, the March 18, 2013 Amended Complaint "cannot be read to allege or describe an actual contract between [Plaintiff] and the Government," and "because of [Plaintiff]'s failure to allege the required elements to establish existence of a contract, the [c]ourt should dismiss the [C]omplaint." Gov't Mot. at 11-12.

"Even if [Plaintiff] has sufficiently alleged a contract, he cannot overcome the presumption that, as a Federal employee, he 'derive[s] the benefits and emoluments of [his] position[] from appointment rather than from any contractual or quasi-contractual relationship with the government,'" and that "[a]ccordingly, his rights are a matter of legal status and there is no contract liability enforceable under the Tucker Act." Gov't Mot. at 12 (quoting *Federico v. United States*, 70 Fed. Cl. 378, 383 (2006)).

The Government further asserts that the United States Court of Appeals for the Federal Circuit has "consistently refused to give effect to government-fostered expectations that, had they arisen in the private sector, might well have formed the basis for a contract or an estoppel." Gov't Mot. at 12. These cases include "promises of appointment to a *particular grade or step level*, promises of promotion upon satisfaction of certain conditions, *promises of extra compensation* in exchange for extra services, and promises of other employment benefits." Gov't Mot. at 12 (quoting *Adams v. United States*, 391 F.3d 1212, 1221 (Fed. Cir. 2004)) (emphasis added in Motion).

In sum, "because of his Federal employee status, [Plaintiff] cannot maintain that jurisdiction exists over an alleged promise to promote him to a higher GS-level and for additional pay based upon a promise of promotion." Gov't Mot. at 12.

## 2.      The Plaintiff's Response.

Plaintiff argues that his claim does not rely on an express or implied contract or on promissory estoppel, but on the Government's violation of statute. Pl. Opp. at 2. "[Plaintiff] was detailed to the GS-14 position for 16 months without any written or verbal order of the Director of the [United States Secret Service], as required by 5 U.S.C. Section 3341(b)(1)." Pl. Opp. at 2.

Subsection (b) provides that such details "may be made only by written order of the head of the department, and may be for not more than 120 days." 35 U.S.C. § 3341(b)(1). Likewise, "[t]he payment of more money . . . during the time [Plaintiff] encumbered the GS-14 position is a payment required by law,"[3] and the Back Pay Act is the appropriate vehicle to obtain such payment. Pl. Opp. at 4-5. In other words, Plaintiff's claim is "rooted in a failure of the Agency to . . . pay equal pay for equal work pursuant to statute. [Plaintiff] was involuntarily maintained . . . [in] an illegal detail." Pl. Opp. at 6.

---

[3] 5 U.S.C. §§ 2301-02. Plaintiff explains that Section 2301 states "[E]qual pay should be provided for work of equal value," and that"[i]t is a prohibited personnel practice for an agency 'to take or fail to take any….personnel action if the taking of or failure to take such action violates . . . the Merit Systems principles contained in [5 U.S.C. Section 2301] . . . '" Pl. Opp. at 4 (quoting 5 U.S.C. § 2302(b)(12)).

### 3.      The Court's Resolution.

As a matter of law, "a party invoking federal court jurisdiction must, in the initial pleading, allege sufficient facts to establish the court's jurisdiction." *DaimlerChrysler Corp. v. United States*, 442 F.3d 1313, 1318 (Fed. Cir. 2006) (quoting *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936)).  Thus, Plaintiff was required to plead sufficient facts to establish that a contract existed between Plaintiff and the United States or that the United States Secret Service violated a federal statute.

The March 18, 2013 Amended Complaint does not establish a contractual relationship between Plaintiff and the United States.  "An express contract with the government requires proof of 'mutual intent to contract, including an offer, an acceptance, and consideration.  A contract with the United States also requires that the Government representative who entered or ratified the agreement had actual authority to bind the United States.'"  *Chattler v. United States*, 632 F.3d 1324, 1330 (Fed. Cir. 2011) (quoting *Trauma Serv. Group v. United States*, 104 F.3d 1321, 1325 (Fed. Cir. 1997)).   The March 18, 2013 Amended Complaint does not indicate a valid offer by an authorized Government representative or acceptance by Plaintiff.  Therefore, the March 18, 2013 Amended Complaint does not establish the necessary elements to form a contract.  Plaintiff's June 6, 2013 Motion In Opposition attempted to establish other grounds for jurisdiction by asserting that the United States Secret Service violated 5 U.S.C. § 3341(b)(1) by detailing Plaintiff to the GS-14 position for 16 months, without a written or oral order from the Director.  Since it is the initial pleading that must establish the court's jurisdiction, the court does not have subject matter jurisdiction to adjudicate this claim.

Even if the court granted Plaintiff leave to amend the March 18, 2013 Amended Complaint to plead the cause of action asserted in Plaintiff's June 6, 2013 Motion In Opposition, Plaintiff would still be unable to cure the jurisdictional defect.  "[T]he Back Pay Act [5 U.S.C. § 5596] 'is merely derivative in application; it is not itself a jurisdictional statute . . . . Unless some other provision of law commands payment of money to the employee for the 'unjustified or unwarranted personnel action,' the Back Pay Act is inapplicable."  *Spagnola v. Stockman*, 732 F.2d 908, 912 (Fed. Cir. 1984) (quoting *United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983)); *cf. Worthington v. United States*, 168 F.3d 24, 26 (Fed. Cir. 1999) ("The Back Pay Act is . . . a 'money-mandating' statute when based on violations of statutes or regulations covered by the Tucker Act.").

Neither the March 18, 2013 Amended Complaint nor Plaintiff's June 6, 2013 Opposition identifies such a violation of a money-mandating statute or regulation.  This court has held that "§ 2302(b) is not a money-mandating statute . . . [since] nothing in this statute mandates compensation for its violation, which is the key requirement for establishing jurisdiction in this court under the Tucker Act."  *Burch v. United States*, 99 Fed. Cl. 377, 382 (2011) (citing *Black v. United States*, 56 Fed. Cl. 19, 23 (2003) ("Section 2302(b) in no manner mentions compensation or any right to recovery for damage sustained and, hence, the statute fails to express, either directly or by implication, that a party has a right to compensation for any damage sustained.")).  Furthermore, the statutes that Plaintiff alleges were violated, 5 U.S.C. § 2301-02, are part of the Civil Service Reform Act of 1978 ("CSRA"), Pub. L. No. 98-454, 92 Stat. 1111 (codified as

amended in scattered sections of 5 U.S.C.).  "It is well established that the Court of Federal Claims lacks jurisdiction over personnel actions that are covered by the CSRA."  *Hall v. United States*, 617 F.3d 1313, 1316 (Fed. Cir. 2010) (citing *United States v. Fausto*, 484 U.S. 439, 449 (1988) (interpreting the CSRA's statutory scheme as precluding judicial review of personnel actions)).

## IV.  CONCLUSION.

For the reasons discussed herein, the Government's May 6, 2013 Motion To Dismiss is granted.  The Clerk is directed to dismiss the March 18, 2013 Amended Complaint.

**IT IS SO ORDERED.**

**s/Susan G. Braden**
**SUSAN G. BRADEN**
**Judge**